*Twiman, Cofer, for appellant.*

*Broune, for appellee.*

## NICHOLAS RICKS *v.* THOS. O'NEIL ET AL.

Notice—Sufficiency of Pleading.
> The failure of a defendant to deny the allegation in a petition "that the defendant had been notified for more than .... months to surrender possession," must be regarded as an admission of legal notice.

Landlord and Tenant.
> A tenant cannot dispute his landlord's title.

January 28, 1868.

APPEAL FROM NELSON CIRCUIT COURT.

OPINION OF THE COURT BY JUDGE PETERS:

From the testimony of Judge Newman it appears that appellant held the possession of the premises as the tenant of appellees, and conceding as such he was entitled to notice to quit it is alleged in the petition that he had been notified more than — months to surrender the posesssion and he had failed to do so. This allegation is not answered, and must be regarded as an admission of a legal notice to quit the premises.

Anna Cashott as is abundantly shown, died childless, and never had a child, and it is furthermore shown that Lewis Thomas and Eliza were her heirs, capable of inheriting her estate, from whom appellees derive title to the house and lot, she having died intestate. Appellant therefore having no interest in the estate was content to remain there as the tenant of appellees and cannot dispute their title.

The action was brought in equity; but if appellant had desired the case to be tried in ordinary on his motion to transfer the case the judge doubtless would have made the transfer, but whether he would or not, his failure to make the motion must be regarded as a waiver of the right and the action was properly retained, and disposed of.

No available error for a reversal of the judgment exists. Wherefore the judgment is *affirmed*.

*McKay, for appellant.*

*Muir, for appellee.*